J. B. THOMAS V. THE STATE.

No. 7315. Decided March 28, 1923.

Manufacturing Intoxicating Liquor—Constitutional Law.

Where the conviction for manufacturing intoxicating liquors was assailed as being antagonistic to the Eighteenth Amendment of the Constitution of the United States, and provisions of what is known as the Volstead Act, the same was correctly overruled, and there was no error. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

Appeal from the District Court of Denton. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was indicted for the manufacture of intoxicating liquor. Upon his plea of guilty, entered under the formality required by the statute, his punishment was fixed at one year in the penitentiary.

On motion for new trial the law under which conviction occurred was assailed as being antagonistic to the Eighteenth Amendment to the Constitution of the United States, and provisions of what is known as the Volstead Act. These legal questions have been settled adversely to appellant's contention in many opinions from this court, the leading case being Ex parte Gilmore, 88 Tex. Crim. Rep., 529, 228 S. W. Rep., 199. Clyde Chandler (two cases) v. The State of Texas, and John Chandler (two cases) v. The State of Texas, were affirmed by the Supreme Court of the United States on January 8, 1923, in which the same contention was urged as that now insisted upon by appellant. The Chandler cases were decided on the authority of Vigliotti v. The Commonwealth of Pennsylvania (decided by the Supreme Court of the United States April 10, 1922) and the United States v. Lanza, et al, (decided by the same court December 11, 1922.)

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June, 1923. Reporter.]